08 CIV 6072

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
NIPPONKOA INSURANCE COMPANY, LTD.
a/s/o French-Japanese Educational Institute and other
interested insureds under the Policy of Insurance,

                Case No.: -cv-

           Plaintiff,

                COMPLAINT

-against-

                JURY TRIAL
                DEMANDED

MC GOWAN BUILDERS, INC. and ARISTA
AIR CONDITIONING CORP.,

           Defendants.
---------------------------------------------------------X

Plaintiff, NIPPONKOA INSURANCE COMPANY, LTD. a/s/o French-Japanese Educational Institute and other interested insureds under the policy of insurance, by and through its attorneys SHEPS LAW GROUP P.C., complaining of the defendants MC GOWAN BUILDERS, INC. and ARISTA AIR CONDITIONING CORP., alleges upon information and belief that at all times hereinafter mentioned:

**The Parties**

1.     Plaintiff, NIPPONKOA INSURANCE COMPANY, LTD. was and is a corporation organized and existing under the laws of the State of Connecticut, having its principle place of business located at One Tower Square, Hartford, Connecticut 06183, and was at all times material hereto, authorized to issue policies of insurance in the State of New York. Plaintiff was a citizen of the State of Connecticut.

2.     At all times pertinent hereto, plaintiff provided property insurance to its insured, the French-Japanese Educational Institute and other interested insureds under policy number JFMD415X3161JFM00 for the real property and business property that they leased and operated, and for lost profits.

3. Defendant, MC GOWAN BUILDERS, INC., (hereinafter "MC GOWAN"), is upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of New Jersey, having its principle place of business located at 1200 Peterson Plank Road, North Bergen, New Jersey, and was at all times hereinafter engaged in the contracting work at the insured's leased premises.

4. Defendant, ARISTA AIR CONDITIONING CORP., (hereinafter "ARISTA"), is upon information and belief, a corporation duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 38-26 10th Street, Long Island City, New York 11101 and was at all times engaged in the business of installing and servicing HVAC systems.

5. At all times relevant hereinafter, the French-Japanese Educational Institute, leased and/or occupied the premises located at 225 East 43rd Street, New York New York ("The Premises").

6. Upon information and belief, prior to July 6, 2005, defendant MC GOWAN was engaging in contracting work at the above premises on behalf of the plaintiff's insured pursuant to a contract.

7. Upon information and belief, prior to July 6, 2005, defendant ARISTA installed the A/C units at the subject premises.

8. Upon information and belief, defendants maintained and certified as safe from water damage the property and premises of the insured.

**Jurisdiction**

9. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C.A §1332, and the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs. Venue is properly laid in this judicial district on the basis of the place of occurrence.

### The Loss

10. Upon information and belief, prior to July 6, 2005, plaintiff contracted with defendant MC GOWAN for creation of a roof-top playground at the subject premises.

11. Upon information and belief, prior to July 6, 2005, defendant MC GOWAN BUILDERS, INC., commenced roof-top repairs to the premises, including but not limited to, removal of a rooftop HVAC unit, in preparation for the construction of the roof-top playground, but failed to properly tarp and protect the roof from water infiltration resulting in severe damage to plaintiff's insured's property, in excess of ONE HUNDRED THIRTY ONE THOUSAND DOLLARS, ($131,000.00).

12. Upon information and belief, the above water damage was exaggerated by the blockage of the storm water drain, which was filled with PVC Piping during the installation of the roof-top A/C units by Defendant ARISTA several years prior to July 6, 2005.

13. Plaintiff reimbursed the above amounts to its insured's pursuant to the aforementioned policy of insurance and is equitably and contractually subrogated to its insured rights.

### AS AND FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS -NEGLIGENCE-

14. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 13 inclusive.

15. The occurrence referred to in paragraphs 11 and 12 and the consequent damage to the plaintiff's insured's property was proximately caused by the negligence, negligence per se,

gross negligence, carelessness and negligent omissions of the defendants, its agents, servants, workmen and/or employees in:

    (a)    Failing to install a wider or alternative form of storm water drainage on the roof of the premises to prevent water infiltration during inclement weather;

    (b)    Failing to recognize the hazard in blocking the storm drain basin with PVC piping during installation of the HVAC systems;

    (c)    Failing to recognize the need for higher drainage on the roof due to the presence of walls near the storm water drain;

    (d)    the improper repair, installation and/or maintenance of Plaintiff's insured's premises during construction;

    (e)    failing to properly maintain the roof of the premises to prevent rain from penetrating during construction;

    (f)    failing to properly replace, protect or fix the roof of the premises in such a way as to protect the premises from rain and/or water damage;

    (g)    failing to properly inspect and/or troubleshoot the premises to ensure that it was properly sealed off from any potential rain or water damage;

    (h)    failing to hire competent servants, contractors, agents, employees and/or workmen to properly inspect and/or service the contracting work of the premises;

    (i)    failing to properly and adequately supervise the work being done by its contractors, servants, agents, employees and/or workmen;

    (j)    failing to properly inspect the premises prior to closure of daily construction activities to ensure that the premises were free from danger of water damage and/or rain;

    (k)    failing to recognize the obvious hazard presented by the improper tarping of the roof of the premises;

    (l)    retaining incompetent, unlicensed employees, agents, servants, workers, subcontractors, without the requisite skills and abilities to install, maintain, renovate, and/or service the premises in a way that would prevent them from performing work in such a way as to subject the premises to water damage;

    (m)    failing to conduct a proper inspection to detect the dangers associated with the poor construction techniques which defendant knew or should have known created an unreasonable risk of a water damage;

    (n)    failing to properly survey the roof drains to determine if they were operating effectively or in good repair to absorb water buildup during the course of construction activities;

    (o)    failing to take the proper steps and to supervise the work performed by its employees, servants, workers, agents and/or contractors in a way that would protect the plaintiff's insured's property from water damage;

    (p)    failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations concerning the safe installation, maintenance, and/or renovation of their contracting work;

(q) failing to warn plaintiff's insured of the additional risk to the plaintiff's property as a result of the negligent servicing and maintenance of their equipment during the construction at the premises;

(r) failing to do those things which were necessary to safe, preserve and protect the plaintiff's insured's property; and,

(s) otherwise failing to use due care and proper skill under the circumstances.

16. As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendants and its representatives, agents, servants and/or employees, the water damage referred to in paragraphs 11 and 12 took place resulting in damage and destruction to the insured's property and loss to the plaintiff in the amount in excess of ONE HUNDRED THIRTY ONE THOUSAND DOLLARS, ($131,000.00).

### AS AND FOR A THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS -BREACH OF CONTRACT-

17. Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 16 inclusive.

18. For the reasons more particularly set forth in plaintiff's First Cause of Action, defendants and plaintiff's subrogor entered into a contract whereby defendants were obligated, among other things, to properly operate, maintain, inspect, repair the premises and to protect the plaintiff's insured's property from water damage.

19. Defendants breached and/or violated their aforesaid contractual duties, as a result whereof defendants are liable to plaintiff, jointly and severally, for all damages resulting from the aforesaid breaches and/or violations.

20. By the reason of the aforesaid breach of contract, the occurrence referred to in paragraphs 11 and 12 took place resulting in severe and extensive damage to the insured's

property and a loss to the plaintiff in the amount in excess of ONE HUNDRED THIRTY ONE THOUSAND DOLLARS, ($131,000.00).

**WHEREFORE**, plaintiff demands judgment in their favor and against the defendants in the amount in excess of ONE HUNDRED THIRTY ONE THOUSAND DOLLARS, ($131,000.00) together with interest, costs and attorney's fees.

Dated: Melville, New York
      June 30, 2008

                                  SHEPS LAW GROUP, P.C.

BY: _____
      ROBERT C. SHEPS, ESQ.
      *Attorneys for Plaintiff*
      35 Pinelawn Road, Suite 106E
      Melville, New York 11747
      (631) 249-5600
      Our File No.: 6764

To:  MC GOWAN BUILDERS, INC.
      1200 Patterson Plank Road
      North Bergen, New Jersey 07047

      ARISTA AIR CONDITIONING CORP.
      38-26 10th Street
      Long Island City, New York 11101